IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No. 3:05-759-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LORENZO TUCKER | ) | |
| | ) | |

Presently before this court is the defendant's letter/motion (ECF No. 1203) challenging his classification as a career offender. The defendant relies on the case of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) for the proposition that he could not be a career offender because his prior convictions did not involve a sentence exceeding one year.

The government has responded in opposition to the motion which this court has construed as one under 18 U.S.C. § 3582. Although the government suggests that the court consider the letter/motion as a successive motion under 28 U.S.C. § 2255, the court will decline to do so as the underlying claim is wholly without merit.

As the government notes in its brief, the *Simmons* decision, which interpreted and applied *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2377 (2010), held that when assessing whether prior North Carolina convictions constitute predicate offenses, courts must look only to the statutory minimum and maximum sentences as found by the North Carolina state court for that particular defendant. The *Simmons* decision expressly overruled *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). Essentially, the *Simmons* decision involved the North Carolina state sentencing scheme in which a defendant's maximum sentence is determined by a guidelines grid.

Here, Tucker's claim does not rest upon newly discovered evidence of such a convincing character as to call into question the accuracy of the guilty verdict, nor has the Supreme Court made their decision in *Carachuri-Rosendo* retroactive to cases on collateral review. Tucker's four prior state drug convictions stemmed from convictions in Richland County, *South Carolina*, which does not utilize a state sentencing grid like North Carolina. Each of Tucker's prior South Carolina state drug convictions carried a possible sentence of over one year imprisonment, thus they were all properly classified as a "felony" for purposes of enhancements under 21 U.S.C. § 851, and they each meet the definition of a "controlled substance offense" for purposes of USSG § 4B1.1.

Moreover, although Tucker was classified as a career offender, his ultimate sentence of Life was based upon the statutory mandatory sentence, not his classification as a career offender. Thus, Tucker's reliance on *Simmons* is without merit and his motion (ECF No. 1203) is denied.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.

March 20, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge